3901. CLARK *v.* TRIPPE.

</div>

Where a municipal ordinance authorized the mayor to impose sentence in the alternative of a fine or work on the public streets of the city, and the mayor sentenced a person in the following language: "Fine $50, or 60 days at hard labor on," the sentence was not void for uncertainty because it was not dated and the place where the alternative part of the sentence was to be executed was not stated. Under the ordinance, the only place where that part of the sentence imposing hard labor could have been executed was "upon the public streets" of the municipality. It was not erroneous for the judge hearing an application for discharge on habeas corpus, on account of the alleged uncertainty of the sentence, to permit the mayor who heard the case and imposed the sentence to insert therein the date, and to add thereto the words " the public streets of Blakely," although the amendment was not necessary.

<div align="center">

DECIDED JANUARY 30, 1912.

</div>

Habeas corpus; from city court of Blakely—Judge Rambo. November 23, 1911.

The plaintiff in error was convicted in the municipal court of the City of Blakely of the violation of an ordinance by keeping intoxicating liquors in his possession for unlawful sale, and the following sentence was imposed. "Fine $50, or 60 days at hard labor on." He sought, by habeas corpus, to obtain release from custody under this sentence, which he alleged was void because not dated, and because it did not indicate where the labor was to be performed. At the hearing of the application for habeas corpus the mayor who passed the sentence testified that the labor referred to was to be performed on the public streets of Blakely, and that the clerk who wrote

out the sentence failed to add the words, "the public streets of Blakely;" that the sentence as actually passed was a fine of $50, or hard labor on the public streets of Blakely for 60 days. He testified that he was still mayor of Blakely. Thereupon the judge directed the witness to insert the date of the sentence, August 12, 1911 (it being agreed by both parties to the record that the trial in the municipal court took place on that date), and to add to the sentence, "public streets of Blakely," and to sign his name thereto as mayor and ex-officio recorder; and the docket entry as thus amended was introduced in evidence. It appeared that there had been no effort to have the judgment of the municipal court reviewed by certiorari, that no objection to its legality had been made otherwise than in the habeas corpus proceeding, and that no part of the sentence had been satisfied.

Exception is taken to the allowance of the amendment of the sentence, and to the refusal of the application for habeas corpus.

*Byron R. Collins,* for plaintiff in error.

HILL, C. J. (After stating the facts.)

There was no error. It was admitted that the movant was tried for a violation of the city ordinance, and that he was found guilty by the mayor's court, and that he was in the custody of the respondent, in pursuance of the sentence then passed upon him; and this custody was legal. It was immaterial that the sentence did not contain the words " on the public streets of Blakely." The ordinance authorized the mayor to punish those convicted under it by fine, or by requiring them to work on the public streets of the city. There was no other place where the sentence to perform labor could be carried out. It necessarily followed that the sentence following the conviction, of a fine of $50, or the alternative of "60 days hard labor on," could only mean a fine of $50, or the alternative sentence of 60 days hard labor on the public streets of the City of Blakely. We do not think that the sentence was in any sense doubtful. But even if it was doubtful, it was clearly made certain by the testimony of the mayor who had tried the movant and imposed the sentence; and in pursuance of the maxim id certum est quod certum reddi potest, it was competent to have the words, "on the public streets of the City of Blakely," added to the sentence, as well as to insert the date of the sentence. The date, however, was immaterial, for that part of the sentence which required, as an al-

ternative, labor upon the streets of the city would be computed, not from the date of the sentence, but from the date of the delivery of the accused to the authorities of the city in charge of working the streets with city convicts.

*Judgment affirmed. Pottle, J., disqualified.*